UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MATTHEW M., | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )   Case No. 21-CV-0262-CVE-JFJ |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| | ) |
|        Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is plaintiff's Application for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Dkt. # 20), defendant's response (Dkt. # 21), plaintiff's reply (Dkt. # 22), and Supplemental Application for Award for Attorney's Fees Pursuant to the Equal Access to Justice Act (Dkt. # 23).  Plaintiff requests a total of $11,161 in attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA).  Plaintiff initial Application requests $10,560.40 (Dkt. # 20), and the Supplemental Application requests an additional $600.60 (Dkt. # 23), for the time spent responding to defendant's response (Dkt. # 21).  Under § 2412(d), "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . ."  Defendant does not object to plaintiff's request for attorney fees in its entirety, but defendant asks the Court to reduce the award of attorney fees to $6,945.82.  Dkt. # 21.  Defendant claims that plaintiff's counsel spent an unreasonable amount of time reviewing the record and drafting the opening and reply briefs, and defendant asks the Court to reduce the total billable hours by just more than a third.  Dkt. # 21.

The Court has reviewed plaintiff's motion, defendant's response, and plaintiff's reply, and finds that plaintiff should be awarded attorney fees in the amount initially requested by plaintiff. While plaintiff's attorney's billable hours are above average, they are reasonable considering the circumstances of this case. The record reflects this was a factually intensive case, and because plaintiff's attorney was not involved at the agency level, it was reasonable for him to dedicate a higher number of hours than usual to review the whole record and do a detailed analysis of the ALJ decision in order to create the opening brief that accounted for all of the relevant legal theories. In addition, defendant's response (Dkt. # 15) raised new issues that were necessary for plaintiff to address in his reply, and the amount of time spent on plaintiff's reply was also reasonable under the circumstances.

However, plaintiff should not be awarded additional fees for replying to defendant's response (Dkt. # 21) to his Application (Dkt. # 20). Defendant's objection to plaintiff's Application is a procedural right that was not exercised frivolously or in bad faith. The EAJA awards fees for the costs of the plaintiff's litigation; it should not presumptively cover additional costs incurred justifying the award of those fees when the government's objection is not frivolous or in bad faith.

**IT IS THEREFORE ORDERED** that plaintiff's Application for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Dkt. # 20) is **granted**, and plaintiff shall be awarded attorney fees in the amount of $10,560.40. A separate judgment is entered herewith as to the award of attorney fees.

**IT IS FURTHER ORDERED that** plaintiff's Supplemental Application for Award of Attorney's Fees Pursuant to the Equal Access for Justice Act (Dkt. # 23) is **denied**.

**DATED** this 21st day of October, 2022.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE